JohNSon C. J., delivered the opinion of the court. The. only question, necessarily involved in the decision of this case, is, whether the court below erred in declaring the declaration insufficient in law. It is contended by the defendants in error that •the plaintiff has wholly failed to disclose ány cause of action against them. It is essential, in declaring against an officer upon his official bond, that the breach should clearly and distinctly charge the manner in which the plaintiff has been damnified by the failure of the officer to perform his duty. It is averred that the constable committed a breach of the condition of his b.ond by failing to levy the execution upon the goods and chattels of the defendant in execution, and also in not returning the same to the justice within •thirty days from the issuance thereof. This is the only allegation that could .by any possibility fix and determine the liability of the defendants. The officer was under no legal obligation to make the levy, unless the defendants in execution had property at the time «pon which to jnake it, and it was incumbent qpon the plaintiff to allege that fact in his declaration in order to fix the liability of the defendants. We think it clear, therefore, that the declaration is fatally defective in failing to set out a good cause of action against the defendants, and that consequently the circuit court decided correctly in .sustaining the demurrer. Judgment affirmed.